## McDaniel v. Peabody et al.

1. **Trust:** CONVEYANCE: NOTICE. The wife, and grantee by a voluntary conveyance, of one in whose name a patent for certain land was obtained from the United States, but who had long prior to the issuance of such patent sold and assigned all his interest in the land, and who paid no part of the entrance money, was held to be chargeable with notice of the rights of those in possession of the land and claiming under the prior assignment, and for whose benefit her husband held the legal title in trust.

*Appeal from Dubuque Circuit Court.*

TUESDAY, SEPTEMBER 21.

ACTION to recover possession of real estate. The defendants pleaded an equitable defense, which was sustained, and judgment was rendered accordingly. The plaintiff appeals.

VOL. LIV—20.

*L. A. Thomas* and *Graham & Cady*, for appellant.

*DeWitt C. Cram*, for appellees.

SEEVERS, J.—The premises in controversy are situate in the city of Dubuque, and known as out-lot 684. The plain

1. TRUST: conveyance: notice.

tiff claims under a patent issued by the United States August 20, 1869, to Alfred McDaniel, and a conveyance from him executed in 1876. The defendants pleaded " that on the 20th of October, 1838, W. W. Coriell and George Cubbage, commissioners duly appointed under the act of Congress in such cases provided, issued to one Wm. McDaniel a certificate, of that date, confirming unto him as assignee, as stated therein, the right to purchase by pre-emption said out-lot 684, in the city of Dubuque, for the sum of $19.90." That Wm. McDaniel assigned said cerifi- cate, and his right to said lot, to Alfred McDaniel, and he to John Yates, under whom the defendants claim; that the patent aforesaid was issued in the name of Alfred McDaniel for the purpose of perfecting the title to said lot for the benefit of all parties having an interest therein, and to make good their record title; that said McDaniel at that time dis- claimed all interest in said lot, and refused to contribute any money for the purpose of procuring said patent, but con- sented that his name might be used to the end the patent might issue to him, and the title of parties interested per- fected; that defendants and those under whom they claim have had actual, open, notorious, and exclusive possession of said premises for more than twenty years, and have made valuable improvements thereon.

To sustain their defense the defendants introduced the records in the recorder's office of Dubuque county, and read therefrom what purported to be a copy of the certificate of said Coriell and Cubbage, commissioners aforesaid, certifying that William McDaniel, as assignee of John Howard and Matthew Collins, was entitled to " purchase by pre-emption out-lot 684, in the town of Dubuque,     *     *     *     for

which he agrees to pay $19.90." Said records also showed, as having been indorsed on said certificate, an assignment by William McDaniel of all his "right, title, and interest in and to" said lot to Alfred McDaniel, and by him, in consideration of $150, to John Yates.

It was admitted that Coriell and Cubbage were duly appointed commissioners under the act of Congress, and acted as such. It was sufficiently established that the recorder, at the time the certificate and assignments purport to have been recorded, was Isaac P. Van Hague, and that said record was in his hand-writing.

The absence of the originals was sufficiently accounted for so as to render secondary evidence of the contents of the certificates and assignments admissible. The plaintiff objected to the admission of the record aforesaid, because, *first*, incompetent and immaterial; *second*, said instruments were not acknowledged, and, therefore, not entitled to be recorded. No evidence had been introduced proving the existence of the originals, and that it was intended thereby to impeach the patent; *third*, a pre-emption right is not assignable; *fourth*, the patent was not issued because of the redemption certificate, but under an act of Congress of 24th April, 1820; *fifth*, it was not competent for the commissioners to grant William McDaniel said pre-emption certificate as assignee of Howard and Collins on an improvement made by them. The objections were overruled.

The defendants introduced as a witness O. P. Shiras, who testified that in 1866 he was, and still is, an attorney-at-law, and at the time aforesaid the firm of Bissell & Shiras, of which firm he was a member, were instructed to examine the title to a portion of said out-lot. That he did so, and found no patent had been issued therefor by the United States. That a correspondence was had with the proper officers of the General Government, and he ascertained the commissioners aforesaid had awarded said lot to William McDaniel, who had assigned his right thereto to Alfred Mc-

Daniel. The latter he saw, and he was assured by said Alfred that he had acquired the interest of said William to said lot; and Shiras asked said Alfred to contribute money for the purpose of obtaining a patent. This the said Alfred declined to do, and stated he had no interest in said lot. He was informed by Shiras if a patent was obtained it would be for the whole lot, and that the title to the whole would be thereby perfected. To this said Alfred made no objection, but on the contrary said he would do what he could to assist in procuring the facts necessary to obtain the patent, for which purpose his name might be used. The result of the efforts made being the issuance of the patent under which the plaintiff claims. That the patent was issued under or in consequence of the pre-emption certificate and the assignment to Alfred McDaniel, clearly, we think, appears.

On the 28th day of March, 1867, the commissioner of the general land office wrote an official letter to the register and receiver of the land office at Des Moines, in which the pre-emption certificate to William McDaniel, and the transfer of his right to Alfred McDaniel, is expressly recognized, and the said register and receiver were directed to permit the latter to purchase said out-lot, upon the payment of the amount fixed by the commissioners. This letter was written in response to an application made by F. E. Bissell, of the firm of Bissell & Shiras, on "behalf of Alfred McDaniel, asking to be allowed to enter out-lot No. 684, in Dubuque, as the assignee of William McDaniel, to whom it is claimed a pre-emption right to that lot was awarded by the commissioners, under the act of March 3, 1837."

The defendants introduced in evidence a certificate of the commissioner of the general land office, certifying the following papers as being filed in, and constituting a part of the records of, his office. *First*. The usual receipt of the register of the land office at Des Moines, that he received of Alfred McDaniel $19.90, in payment of said out-lot. The number of the receipt being 21322. Indorsed in red ink was the following: "Re-

ceivers cash receipt for out-lot 684 in Dubuque. See commissioner's letter March 28, 1867, and register's letter, October 31, 1867." *Second.* The certificate of the register of said land office of the same date and number, certifying that Alfred McDaniel had made full payment for said out-lot, and was entitled to a patent therefor. Indorsed thereon was the following: "See commissioner's letter March 28, 1867, and register's letter October 31, 1867. Patented, August 20, 1869. Recorded Vol. 40, page 95." *Third.* The certificate of pre-emption granted by the commissioners aforesaid, with the certificate of the recorder of Dubuque county, that it was a true copy of the records of his office. Indorsed on which was the following: "I, William McDaniel, do hereby relinquish unto Alfred McDaniel all my right, title and interest in and to the within out-lot No. six hundred and eighty-four (684). WILLIAM McDANIEL (Seal)."

This the recorder also certified had been correctly copied from the records in his office. Indorsed thereon was the following: "W. W. Coriell and George Cubbage, to William McDaniel, assignee of John Howard and M. Collins. Copy from Dubuque county records. See commissioner's letter March 28, 1867, and register's October 31, 1867." The patent shows on its face it was issued or based on certificate "No. 21322," and was recorded in "Vol. 40, page 95," and that it was issued according to the act of Congress of the 24th of April, 1820, entitled "An act making further provisions for the sale of the public lands." Because of this statement it is said the patent was not issued under the pre-emption certificate, or the act of 1837. This, however, does not follow. The evidence is simply overwhelming the patent was issued under the pre-emption certificate, as established by the records in the recorder's office in Dubuque county. The reference in the patent to the act of 1820 is not contradictory to this theory, for the patent could well issue or be based on the certificate, and yet issue in accord with the act of 1820.

Alfred McDaniel did not in fact pay the money to the

receiver, nor did he furnish any part of the same, but it was procured from a Mr. Ware, who was interested in perfecting the title to a portion of the lot.

The patent having been issued, the validity and sufficiency of the several papers, records and certificates, on which the same was based, have been clearly recognized by the general government. It is, therefore, immaterial whether there was evidence introduced on this trial showing the existence of the original certificate of pre-emption, or whether the same or the assignment had been acknowledged, or properly recorded, or recorded at all. Nor was it material whether a pre-emption right is assignable or not.

The right of Alfred McDaniel to a patent depended not alone on the payment of the money by Ware, but on the pre-emption right and assignment thereof to him. He cannot be permitted to question the source or sufficiency of his title, or the papers and proceedings upon which it was based.

As Alfred McDaniel disclaimed having any interest in, or to, said lot, and the patent having been thereafter obtained under the circumstances above stated, he should not now be permitted to assert what he had repudiated.

The fact the defendants do not claim under Ware, we regard as immaterial. They are in possession and have been for years, and McDaniel must recover on the strength of his own title, and not on the weakness of that of the defendants.

The patent only, under the circumstances, vested in McDaniel the naked legal title. This he held in trust for the benefit of those claiming under John Yates, to whom he had sold his right, title and interest.

We incline to think the records of Dubuque county were admissible as secondary evidence, and that said records sufficiently established the fact that Alfred McDaniel had sold and transferred his title in said lot to John Yates. Be this, however, as it may, certain it is that said McDaniel disclaimed having any interest therein, and that he knew, or was bound

to know, the defendants or those under whom they claimed were in possession, and had made valuable improvements.

Under such circumstances, if he had been in fact a purchaser from the United States, he was bound to inquire as to the right or title under which the defendants held, and he is entitled to no greater consideration than if he had known the actual facts. *Hughes v. United States*, 4 Wall., 232. But McDaniel is not a purchaser nor entitled to the rights of such, and as against him the defendants are entitled to the relief granted by the court below.

The plaintiff is the wife of Alfred McDaniel, and the only consideration stated in the conveyance to her is love and affection. She knew, or was bound to know, the defendants were in possession, and, therefore, is chargeable with notice of their right to said lot. She is not, therefore, entitled to any greater respect than her husband.            AFFIRMED.

ADAMS, CH. J., takes no part in the consideration of the case.