## CADY v. EIGHMEY ET AL.

1. **Public Lands:** PREEMPTION: PURCHASE. When the preemptor of public lands pays for the same and receives a certificate of purchase he ceases to be a preemptor and becomes a purchaser, and the holder of the equitable title to the land, which he can convey, the United States holding the naked legal title in trust for him or his grantees.

2. **Conveyance:** STATUTE: DEED EXECUTED IN ANOTHER STATE. Under chapter 54, section 40, Revised Statutes of 1843 for the Territory of Iowa, a deed executed in another state or territory, in accordance with the laws thereof, was sufficient to pass the title to lands situated in Iowa.

3. **Public Lands:** DISPOSAL OF: COMPACT BETWEEN THE STATE AND UNITED STATES. The ordinance entered into between the United States and the State of Iowa, whereby the latter agreed neither to pass nor enforce any law which would prevent the primary disposal of the public land within the State by the former, does not prevent the statute of limitations from running in favor of the title conveyed by one who was, at the time of such conveyance, the holder of a certificate of purchase from the United States, the granting of such certificate being a disposal of the lands within the meaning of the ordinance.

### Appeal from Dubuque Circuit Court.

### THURSDAY, OCTOBER 21.

JANE McDANIEL commenced this action, and alleged she and William McDaniel were married in 1831, and that he died possessed of an estate of inheritance in and to the south half of out-lot six hundred and sixty-seven in the city of Dubuque, and the said Jane asked to have her dower in said premises admeasured; that the defendants were in possession and denied her right.

Julia West and others, claiming to be heirs at law of William McDaniel, appeared to the action and filed their answer and cross-petition, in which they claimed to be entitled to recover possession of said premises.

The defendants, in their answer, claimed title. The cross-petitioners demurred thereto, which was overruled, and the cross-petitioners appeal.

Afterward there was a trial to the court between the plaintiff and defendants, and judgment was rendered against plaintiff, and he appeals.

*Graham & Cady*, for plaintiff.

*L. A. Thomas*, for cross-petitioners.

*R. W. Stewart*, for defendants.

SEEVERS, J.—The legal propositions involved in both appeals are the same. There is no dispute as to the facts, and they may be briefly stated. The cross-petitioners are the heirs at law of William McDaniel, and Jane McDaniel was the latter's widow, and entitled to dower in the real estate of which he died seized.

William McDaniel, in 1845, was in possession of the premises in controversy, and the right of preemption thereto, under an act of Congress entitled "An act for laying off the towns of Fort Madison, Dubuque," etc., approved July 3d, 1836, and other acts amendatory thereto.

On Nov. 29, 1845, said McDaniel purchased from the United States and paid for the premises in controversy, and there was issued to him the following certificate of purchase:

"No. 811.     LAND-OFFICE, DUBUQUE, IOWA, }
                         "Nov. 29, 1845. }

"It is hereby certified that in pursuance of the provisions of the act of 2d of July, 1836, entitled 'An act for laying off the towns of Fort Madison,' etc., and also of the act amendatory of the same, approved 3d March, 1837, Wm. McDaniel, Dubuque county, Iowa, has this day purchased of the register of this office south half of out-lot number six hundred and sixty-seven of the third class in town of Dubuque, containing one and twenty-four and one-half one hundredths acres, at the rate of ten dollars per acre, amounting

to twelve dollars and forty-five cents, for which the said Wm. McDaniel has made payment in full as required by law.

"*Now, therefore, be it known*, that on presentation of this certificate to the commissioner of the general land office the said Wm. McDaniel shall be entitled to receive a patent for out-lot above described.

"WARNER LEWIS, *Register.*"

McDaniel died in 1875, and on the 13th day of December, 1876, there was issued to him a patent for the said real estate. It was in the usual form, and recited that said McDaniel had deposited in the general land office a certificate of the register of the land office at Dubuque, Iowa, whereby it appeared full payment has been made for said real estate by said McDaniel, according to the provisions of the act of Congress of July 2d, 1836, etc.

The defendants claim that William McDaniel and his wife Jane in 1848 conveyed by quitclaim deed all their right, title, and interest, in and to the premises to one Carpenter, under whom they claim.

The foregoing, in our view of the law, constitutes the material facts and claims made by the respective parties.

I. It is entirely clear to our minds the certificate of purchase issued to William McDaniel, upon his making payment for the premises in accordance with the acts of Congress, vested in him an equitable title, which he could sell and convey. The United States thereafter held the naked legal title in trust for said McDaniel or his grantees, and would at any time, upon the presentation of said certificate, have issued a patent to said McDaniel.

1. PUBLIC lands: preemption: purchase.

Upon receiving the certificate of purchase McDaniel ceased to be a mere preemptor, and became a purchaser and holder of a title to the real estate, and was entitled to all the rights that legally follow.

The United States does not claim title, and by issuing the patent has divested itself of the naked legal title, and thereby

recognized the title of McDaniel, which had long previously inured to him under the certificate of purchase. Conceding it to be true, as claimed, that the patent is void as a conveyance of the title because it was not issued until after the death of McDaniel, then the legal title is in the United States; and if it be true he and his wife conveyed all their right and interest in and to the premises to Carpenter, the plaintiff and cross-petitioners have no right to recover, because they have neither the legal nor equitable title.

It is urged, however, that an act of Congress approved March 3, 1843, 5 U. S. Statutes at Large, 620, provides that when anyone entitled to the benefit of the preemption laws shall have died before consummating his claim by filing in due time all papers essential to the establishment of his claim, it shall be competent for the executor or administrator of the estate of such party, or one of his heirs, to complete the same, provided the entry in such case shall be made in favor of the heirs of the deceased preemptor, and the patent thereon shall cause the title to enure to said heirs as if their names had been specially mentioned. This statute has no application to this case, because the preemption right of McDaniel was complete when the certificate of purchase was issued and he became a purchaser. It is immaterial by whom the certificate was presented, or at whose instance the patent issued. The issuance of a patent is a ministerial act. The certificate cannot be canceled or set aside any more than could a patent. The certificate title should and must be recognized and protected. *Sillyman v. King*, 36 Iowa, 207; *Waters v. Bush*, 42 Id., 255; *Stoddard v. Chambers*, 2 How., 284; *Carroll v. Stafford*, 3 Id., 441–461.

II. The conveyance to Carpenter was executed and acknowledged in the Territory of Wisconsin in 1848, in strict

2. CONVEY- accordance with the laws thereof. The Revised
ANCE : stat-
ute : deed.    Statutes of the Territory of Iowa of 1843 were then in force, and chapter 54, § 40 thereof provides that all conveyances of lands situate in the then Territory of Iowa

executed in another state or territory may be proved, acknowledged and certified in accordance with the laws and usages of said state or territory, and when so done the same shall be as effectual and valid as though the same had been acknowledged within the Territory of Iowa. The conveyance under the foregoing statute was clearly sufficient to vest the title of McDaniel and wife in Carpenter. *Heaton v. Fryberger*, 38 Iowa, 185, is not applicable, because the conveyance was executed in the Territory of Iowa and was not executed and acknowledged in accordance with the statutes thereof. In the case at bar this was done, for the statute provided the conveyance might be executed and acknowledged in accordance with the laws of Wisconsin, and when so done it was done in accord with the statutes of the Territory of Iowa.

III. Carpenter took possession of the premises in controversy soon after the conveyance to him, and those holding under him have ever since that time had open, notorious and adverse possession thereof. Valuable buildings have been erected thereon. The defendants pleaded the statute of limitations, and we think it must prevail, and, therefore, the plaintiff and cross-petitioners cannot recover. It is urged the statute is not well pleaded, because of the irrepealable ordinance entered into between the United States and State of Iowa, whereby the latter agreed neither to pass nor enforce any law which would prevent the primary disposition of the public lands within the State. This compact has no application. The United States sold the land in question to McDaniel, and held no enforceable right thereto. Several points made and authorities cited in their support have not been noticed, for the reason they are based on the proposition that McDaniel had a preemption right only.

AFFIRMED.

ADAMS, CH. J., took no part in this case.