McDaniel v. Large.

McDaniel v. Large et al.

1. **Conveyance:** BEFORE ISSUANCE OF PATENT: DOWER. A purchaser of land from the United States may make a valid conveyance of the same before the issuance of a patent therefor, and where such conveyance is joined in by the wife it bars her right of dower in the land, although a patent is subsequently issued to her husband; the legal title thus acquired vesting in him in trust, only, for his grantee.

*Appeal from Dubuque Circuit Court.*

THURSDAY, DECEMBER 16.

THE petition states the plaintiff was married to Alfred McDaniel in 1825, and that he died in 1877. During his lifetime Alfred McDaniel owned in fee simple out-lot number 704a in the city of Dubuque, and that upon the death of said Alfred the plaintiff became seized in fee simple of the one-third part of said out-lot as her dower; that the defendants are in possession of said lot and claim to own the same. The plaintiff asked that her said interest in said lot be awarded and adjudged to belong to her.

The defendants filed separate answers, to which the plaintiff demurred on the ground the same "are not sufficient in law to sustain the defense set up in the several answers, or to bar, or deprive her of, her claim as set forth in her said petition." The demurrer was overruled and the plaintiff appeals.

*L. A. Thomas,* for appellant.

*Robinson & Powers, Fouke & Lyon, M. H. Beach, Alonzo Cragin* and *Geo. Gray,* for appellees.

SEEVERS, J.—I. M. H. Beach, one of the defendants, set up in his answer that Alfred McDaniel, previous to September 20, 1848, became the owner of said out-lot by purchase from the United States, and that said McDaniel and the plaintiff, his wife, conveyed the same to J. P. Farley, under whom the defendants claim.

1. CONVEY-
ANCE: before
issuance of
patent:
dower.

The demurrer admits that at the time the premises were conveyed to Farley McDaniel had purchased the same from the United States. He could not be a purchaser unless he had paid the purchase money. Having so done, McDaniel was the owner of an equitable title which he could sell and convey. It makes no difference if the patent did not issue until 1865. *Cady, Adm'r, v. Eighmey et al.*, 54 Iowa, 615.

II. The deed to Farley is attached to the answers and made a part thereof, and the next question is whether it is sufficient to operate as a conveyance or release of the dower of the plaintiff. The conveyance is " between Alfred McDaniel and Mary Ann his wife  *  *  of the first part, and J. P. Farley  *  *  of the second part, witnesseth, that the said party of the first part " sells and conveys the said premises to said Farley. The deed was duly acknowledged, and it is stated in the acknowledgement that said plaintiff " relinquished her dower in said real estate."

The conveyance and acknowledgment are in form and substance such as are declared by the statute then in force to be sufficient to convey the title and operate as a release of dower in and to real estate. Chapter 54, § § 20, 21 and 22 of the statutes of 1843.

*Simms v. Harvey*, 19 Iowa, 273, has no application to the case at bar; and in *Heaton v. Fryberger*, 38 Iowa, 185, it was held: *First*. That, under the statutes of 1843, the failure to state in the acknowledgment that a married woman had been made acquainted with the contents of the conveyance was a fatal defect; and—*Second*. That the omission of the name of such married woman from the granting part of the deed was equally fatal as a conveyance of the title. In that case the title was in the wife; hence, it was held the mere release of her dower right did not operate as a conveyance of the title.

In the case at bar the title was in the husband, and both husband and wife assisted in the granting part of the convey-

ance, and the latter, in proper form, relinquished her right of dower.

The conveyance, purporting to convey the fee simple title, operates as an estoppel and cuts off an after acquired estate under chapter 54, § 3, of the statutes of 1843, which provides if any person shall convey "any real estate by a conveyance purporting to convey the same in fee simple absolute, and shall not at the time of such conveyance have the legal estate in such real estate, but shall afterwards acquire the same, the legal estate subsequently acquired shall immediately pass to the grantee, and such conveyance shall be as valid as if such legal estate had been in the grantor at the time of the conveyance."

Conceding there was a subsequently acquired estate, we think, without doubt, it vested in the grantee by the conveyance made in 1848.

III. If in error as to the foregoing, there is another ground which is fatal to the plaintiff's recovery. It is stated in several of the separate answers that in 1863 one Henry Convith " became the owner in fee simple of a portion of said outlot through J. P. Farley, and that he ascertained no patent had ever issued to said McDaniel for the same, and said Convith demanded of said McDaniel that he make good the covenants of warranty contained in his conveyance to Farley, whereupon McDaniel agreed to procure said patent for the benefit of all persons claiming under said Farley, and it appearing said McDaniel had the right to enter the same, he agreed to do so, but failed to furnish the money for that purpose; whereupon the said Convith " furnished and paid said money to the United States, and in accordance with said agreement with said McDaniel, said patent set out in plaintiff's petition was procured in 1865, " and taken in the name of said McDaniel solely for the benefit of said Convith and other parties holding under said Farley."

We are clearly of the opinion, under the allegations of the answer, the patent vested in McDaniel the naked legal title

only. ` The beneficial estate was in the grantees of Farley. The transaction simply amounted to this: Convith furnished the money and paid for the real estate, and the legal title was taken in the name of McDaniel for the use and benefit of Convith and others. It is said: " But neither in England nor in this country can the widow of a trustee have dower, although he holds the legal seizin and estate." 1 Washburn on Real Property, 163. See, also, *McDaniel v. Peabody*, 54 Iowa, 305.

AFFIRMED.

ADAMS, CH. J., being interested, took no part in the decision of this case.