## LANGWORTHY v. HEEB.

1. **Dower:** PRE-EMPTION RIGHT. A wife has no dower interest in a pre-emption right held by the husband.

2. ———: WHEN IT ATTACHES: CONVEYANCE. Where the husband sold his pre-emption claim and bound himself to procure title to the land and convey to the purchaser, *held*, that he had no beneficial interest in the title he subsequently obtained from the United States, and that his widow was not entitled to dower therein.

*Appeal from Dubuque Circuit Court.*

TUESDAY, JUNE 5.

ACTION to recover dower in certain property in the city of Dubuque. The property in question was formerly owned by the plaintiff's husband, now deceased. Previous to its sale by the United States he had, or claimed to have, a pre-emption right to the same. While holding, or claiming to hold, such pre-emption right, he sold his interest in the property for the consideration of $400 to one Gehrig, and executed to him a bond reciting that he had sold the property to Gehrig, and reciting also that the title to the property was still in the United States, and that the property had not yet been sold by the United States, and containing the condition, in substance,

that if he should purchase the premises from the United States and should execute and deliver to said Gehrig a sufficient deed of the same, the bond would be void. The premises were purchased by him in part directly from the United States and in part from his brother, who purchased for him from the United States, but no deed was executed by him to Gehrig or any other person. Gehrig, however, before the purchase from the. United States took possession and made improvements. Afterwards the defendant acquired whatever title Gehrig had in the premises. Judgment for defendant   Plaintiff appeals.

*Fouke & Lyon*, for appellant.

*Griffith & Knight*, for appellee.

ADAMS, J.—The plaintiff had no dower right in the pre-emption right held by her husband. *Bowers v. Keesecker*, 14
1. DOWER: pre-   Iowa, 301. Did she become dowable in the inter-
emption right.   est which her husband acquired by his purchase?
She did not if her husband acquired the title in trust for Gehrig. In that event her husband acquired no beneficial interest in the property, and it is only in such interest that a right of dower could be acquired. Had the plaintiff's husband, for a valuable consideration, agreed with Gehrig to purchase for him and convey to him, there could be no doubt but that he would have taken the title in trust for Gehrig. The bond does not show an express agreement to that effect. Yet, taking it altogether, there is no reasonable doubt but that such was the understanding of the parties. The plaintiff's husband received four hundred dollars for what he admitted was still the property of the United States, and he bound himself, without providing for further consideration, to convey to Gehrig if he should purchase from the United States. He did purchase in part directly and in part indirectly from the United States, and without doubt Gehrig was entitled to a deed. If we are correct, then the plaintiff's husband was simply trustee for Gehrig, and never had any interest in the property in which the plaintiff was dowable.

AFFIRMED.