## NOYES v. KRAMER.

1. **Vendor's Lien:** CONVEYANCE: CONTRACT OF SALE. The execution by the vendee of real estate of a contract for the sale of such real estate is not a conveyance, such as will defeat the lien of the vendor for purchase-money under section 1940 of the Code.

2. ——: ——: DOWER. The dower interest of a widow in the lands of her deceased husband is subject to the lien of the vendor for unpaid purchase-money.

*Appeal from Grundy Circuit Court.*

MONDAY, JUNE 14.

ACTION in chancery to enforce a vendor's lien. A decree was entered in the court below granting the relief prayed for

in plaintiff's petition; defendants appeal. The facts of the case appear in the opinion.

*J. G. Strong* and *D. S. Wilson*, for appellants.

*Huff & Reed*, for appellee.

BECK, J.—I. The plaintiff sold and conveyed the lands involved in the action to Conrad Pickelman, the purchase-money, excepting a small part, remaining unpaid, for which Pickelman executed several promissory notes. Subsequently Pickelman entered into a written agreement with John F. Beyer, which recites the sale of the land to Beyer, the amount of the consideration and time of payment, and obligates Pickelman to convey the land by warranty deed to Beyer upon payment of the consideration as provided for in the agreement. Default having been made by Beyer in the payments under this contract, his rights thereunder were foreclosed by a decree in an action brought by Pickelman, and the land was sold on this decree and purchased by Pickelman, to whom a sheriff's certificate was issued.

After the decree and before the sale Beyer conveyed the land by quitclaim to Elliott.

Pickelman assigned the sheriff's certificate to Ella R. Grun. This assignment was conditional to secure the payment of a promissory note executed by Pickelman. Grun transferred the certificate to Aiken. Subsequent to all these transactions Pickelman died. No sheriff's deed has been made upon the sale of the land, and the time for redemption has expired. The widow, only heir of Pickelman, and the administrator of his estate, are made defendants to this action. The plaintiff claims as against these parties the enforcement of his vendor's lien. It is our duty to inquire whether he holds a lien that can be enforced against defendants.

II. Code, section 1940, provides as follows:

"No vendor's lien for unpaid purchase-money shall be

recognized or enforced in any court of law or equity after a conveyance by the vendee, unless such lien is reserved by conveyance, mortgage, or other instrument duly acknowledged and recorded, or unless such conveyance by the vendee is made after suit brought by the vendor, his executors, or assigns, to enforce such lien.   *   *   *   *   *   *   *   *

<div style="float:left; font-style:italic;">1.  VENDOR'S<br>LIEN : con-<br>veyance : con-<br>tract of sale.</div>

Did the vendee, Pickelman, make " a conveyance " of the land which, under this provision, will defeat the vendor's lien?

The agreement for the sale of the property between Pickelman and Beyer in no sense is a conveyance. It is a contract for the sale of the land, binding Beyer to pay the consideration agreed upon and obligating Pickelman, upon the performance of the agreement of the other party, to convey the land. It is unnecessary to point out the differences between this agreement to convey and a conveyance. They are well understood.

It is true the agreement gave Beyer an interest, an equity in the land. But the transfer of such an interest, or equity, by the vendee, does not defeat the vendor's lien. This is so, for the simple reason the statute provides that the lien is defeated by a conveyance, not by an agreement to convey, or by the transfer in any other manner than by a conveyance of an equity in the lands, or the absolute title thereto.

It was doubtless the intention of the legislature to except from the operation of the section of the Code above quoted the lien of vendors of real estate by contract to convey. It is, therefore, made applicable only to vendors by conveyances. Sound reasons may be given for this distinction.

Whatever interest or equity is held under the certificate of sale issued by the sheriff, it was not transferred by a conveyance executed by the vendee of the land. The statute above quoted will not, therefore, apply to the case and defeat the vendor's lien.

III. We are required now to determine whether the inter-

est of the widow of Pickelman in the land is subject to the
vendor's lien. Whatever estate she holds in the
2. —: —: land is acquired by operation of law. We need
dower.
not inquire into the character of the estate or its tenure, fur-
ther than to determine that it was not transferred by a con-
veyance executed by the vendee against whom the lien is
claimed. The estate of the wife in the lands of her deceased
husband is created by operation of law, and in this respect is
not different from the estate of an heir. The estate of neither
is transferred by a conveyance and neither is released from the
operation of a vendor's lien against the husband or ancestor,
by the statute above quoted.

It is not disputed by defendants that plaintiff is entitled to
a vendor's lien, if it be not defeated by the statute referred
to. Code, section 1940.

We reach the conclusion that the decree of the court below
in establishing and enforcing plaintiff's lien is without error.

Other questions discussed by counsel need not be consid-
ered, as the decree of the Circuit Court, upon the ground we
have stated, must be                                      Affirmed.