SHROPSHIRE and another *v.* LYLE.

*(Circuit Court, S. D. Iowa, C. D.* June 29, 1887.)

1. VENDOR'S LIEN—VERBAL CONTRACT—CONVEYANCE AFTER SUIT.
    Under Code Iowa, section 1940, an unrecorded lien for unpaid purchase money cannot be enforced by the vendor after a conveyance by the vendee, unless such conveyance is made after suit brought by the vendor. *Held,* that a verbal contract for the sale of land was not a conveyance, within the meaning of this section, and did not defeat the lien of the vendor, where there was a subsequent conveyance, within the meaning of the section, in accordance with the terms of the contract, after suit brought by the vendor.

2. SAME—CONVEYANCE AFTER PETITION FILED.
    In such case the conveyance was executed after the petition was filed in the county in which the land was situated, but before service of notice upon the defendant in the action. *Held,* that the conveyance was made after suit brought, within meaning of section 1940, it being expressly provided by section 2628 of the Iowa Code that, when a petition has been filed affecting real estate, the action is pending so as to charge third persons with notice of its pendency, and that while so pending no interest can be acquired by third persons in the subject-matter thereof, as against the plaintiff's title, if the real property affected be situated in the county where the petition is filed.

3. SAME—JURISDICTION OF CIRCUIT COURT.
    A purchaser after suit brought in such a case is not a necessary party to the suit, and the fact that he is a citizen of the same state as the complainant will not defeat the jurisdiction of the circuit court.

4. SAME—EQUITIES OF PURCHASER—INTERVENTION.
    The fact of his citizenship would not prevent such purchaser from intervening in the suit in the circuit court for the protection of his equities, and a decree will not, therefore, be denied upon the motion of the defendant, when it appears that the purchaser had full notice of the pendency of the suit, on the ground that such purchaser might, if he chose, be able to assert an equity, by showing that he made a part payment on the land before the execution of the conveyance and the filing of the petition.

In Equity.   Bill for accounting, and to establish vendor's lien.
*Phillips & Day,* for complainants.
*Cole, McVey & Clark,* for defendant.

SHIRAS, J.   The bill in this cause was filed for the purpose of establishing the fact that the defendant, John Lyle, held the title to certain realty situated in Jasper county, Iowa, as security in the nature of a mortgage, the owner thereof being Loretta Shropshire; to ascertain the amount due to Lyle; and finally, the land having in the mean time been sold by consent to Lyle, to determine the amount due to Mrs. Shropshire after deducting the sums found due to Lyle, and chargeable against the land, and to establish a vendor's lien for the amount found · due against the land sold.

The suit was originally brought in the district court of Jasper county, the petition being filed February 26, 1883, and was thence removed into this court.   Upon previous hearings of the cause, it has been adjudged and decreed that the defendant, Lyle, originally held the title by way of security only; that he was accountable for the agreed price at which the land was finally sold to him; and that, after deducting the amounts coming to him, he was indebted to Mrs. Shropshire in the sum of $10,810.46,

the said amount being the unpaid part of the purchase price of said realty. The question now presented for decision is whether complainant is entitled to a vendor's lien on the land for the amount found due.

Section 1940 of the Code of Iowa provides:

"No vendor's lien for unpaid purchase money shall be recognized or enforced in any court of law or equity after a conveyance by the vendee, unless such lien is reserved by conveyance, mortgage, or other instrument, duly acknowledged and recorded, or unless such conveyance by the vendee is made after suit brought by the vendor, his executor or assigns, to enforce such lien," etc.

Counsel for defendant claim that the land was conveyed by John Lyle to his grandson George Lyle before the suit was brought, and that therefore the lien is defeated. As already stated, the petition was filed February 26, 1883, in the county wherein the land is situated, and by the terms of section 2628 of the Code it is declared that, "when a petition has been filed affecting real estate the action is pending so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons, in the subject-matter thereof, as against the plaintiff's title, if the real property affected be situated in the county where the petition is filed."

The conveyance to George Lyle was made March 1, 1883. True, it is claimed that there was a verbal contract in regard to the purchase, made in the December previous; but in *Noyes* v. *Kramer*, 54 Iowa, 22, 6 N. W. Rep. 123, it was held a written agreement for the sale of land did not defeat a vendor's lien, a contract to convey not being a conveyance within the meaning of the statute. When, therefore, the suit to enforce the vendor's lien was filed, no conveyance of the realty had been executed, and the conveyance to George Lyle did not affect the equity and rights of the complainant.

It is argued by counsel that the suit was not brought until after the conveyance to George Lyle, because notice upon John Lyle was not had until after date of conveyance. Under section 2628 of the Code, it is the filing of the petition, and not service of notice, that creates notice to third parties of the pendency of the action.

Counsel for defendant also argue that a decree establishing a vendor's lien should not be granted, because George Lyle is not a party, and his interests will be affected, and that, as he is a citizen of the same state as complainants, this court cannot take jurisdiction of his rights, and should therefore dismiss the bill. The suit was removed into this court by the defendant, who is the party now objecting to the jurisdiction. The evidence shows that George Lyle took the conveyance of the property after the suit was brought; so that he takes subject to the rights of complainants, and is not a necessary party to the suit. If it be true that he has an equity by reason of the fact that he has paid some part of the purchase price of the property before the conveyance to him, and before the bringing of this suit, there is no obstacle which would have prevented his intervening in this cause for the protection of his rights. The fact that he is a citizen of Iowa would not prevent his intervening in a cause of

which this court had already jurisdiction, when the object was to assert or protect his rights or equities in property before the court. The record shows that he is fully aware of the pendency of the suit, and he has testified therein. The present defendant is objecting to a decree establishing a vendor's lien on the land, on the ground that since the bringing of the suit he has conveyed the land to George Lyle, and that the latter has equities which should be protected. The latter has full knowledge of the pendency of the proceeding, but does not seek to intervene in the cause. Under these circumstances, the court cannot refuse to decree relief to complainant because George Lyle, holding under a conveyance from defendant, executed after this suit was brought, might, if he chose to assert it, be able to show an equity growing out of payments made upon the land before the suit was filed.

Complainants are therefore entitled to a decree adjudging the amount due Mrs. Shropshire from John Lyle, and declaring same to be a vendor's lien upon the realty, and ordering sale of such realty for the payment of the sum found due, with interest and costs.