CHARLES L. KUSCH

*v.*

FREDERICK KUSCH.

*Filed at Ottawa October 31, 1892.*

1. CHANCERY — *reversal of decree for insufficiency of evidence — witnesses examined orally.* Where the witnesses are examined orally before the chancellor, and there is a direct conflict and contradiction in the testimony, to authorize a reversal for error in the findings of fact such error must be clear and palpable.

2. RESCISSION OF CONTRACT — *setting aside deed for failure of consideration.* The doctrine is well established in this State, that where one conveys real estate and property to another person, in consideration that such other person will support and maintain the grantor during his life, and the grantee afterward refuses to perform his contract, a court of equity will grant relief by rescinding the contract and cancelling the deed.

3. WITNESS — *competency of wife.* Where a bill in chancery against a husband and wife is dismissed as to the latter on the hearing, she will not thereafter be a competent witness in behalf of her husband.

4. PARTIES — *in chancery — when wife is a proper party in suit to set aside deed to her husband.* On bill to set aside a conveyance of land, the wife of the grantee having only an inchoate right of dower, is not a necessary party. It is otherwise when her right of dower is consummate by the death of her husband.

5. DOWER — *nature thereof — defeasible title in the husband.* The right of dower that a married woman has in the real estate of her husband is not a vested right, but a mere intangible, inchoate, contingent expectancy; and when there is a defeasible title in the husband, and that title is defeated, the right of dower of the wife also terminates.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

23—143 ILL.

Mr. AUGUST MARX, for the appellant:

The only direct proof in support of the bill is the testimony of the complainant. This is not sufficient to entitle the complainant to the relief prayed for. The allegations of a bill must be supported by a preponderance of proof. *Stilson* v. *Hager*, 1 Bradw. 584; *Kinsley* v. *Sampson*, 100 Ill. 573.

The greater portion of the testimony on the part of complainant is hearsay, and therefore incompetent evidence, and all such testimony should not be considered in determining whether the complainant has proven his case, or whether he has made out his case for relief as prayed for in his bill. It is presumed that the court below rejected all improper testimony, and decided the case only on proper evidence. *Hughes* v. *Frisby*, 81 Ill. 188; *Kingman* v. *Higgins*, 100 id. 319.

Mrs. Kusch being a party to the bill was a competent witness. She was a necessary party to the bill, having an interest in the lands. *Bailey* v. *West*, 41 Ill. 290.

Messrs. CASE, HUDD & HOGAN, for the appellee:

No exceptions being taken to the findings of the chancellor, appellant can not question the sufficiency of the evidence. *Steffy* v. *People*, 130 Ill. 98; *Manufacturing Co.* v. *Horton*, 74 id. 310; *Howard* v. *Austin*, 12 Bradw. 558.

When a husband owns or has a defeasible title, and that title is defeated, as here, the wife's dower also terminates. *Stowe* v. *Steel*, 45 Ill. 328; *Steele* v. *Magie*, 48 id. 396; *Jackson* v. *Kepp*, 8 N. J. 241.

Where the evidence is conflicting, and the witnesses are examined orally, this court will not reverse the finding of the trial court. *Voss* v. *Venn*, 132 Ill. 14.

As to the right to the relief granted, see *Frazier* v. *Miller*, 16 Ill. 48; *Oard* v. *Oard*, 59 id. 46; *Mamero* v. *Henschel*, 20 Bradw. 346.

Mr. Justice Baker delivered the opinion of the Court:

In September, 1887, Frederick Kusch, the appellee, was sixty years of age and a widower, and was the owner in fee of a house and lot in Chicago worth $2500, and a farm in Cook county worth $3000 or more, and owned no other property. On the 27th day of said month of September he conveyed, by two deeds of that date, the said house and lot and the said farm to Charles L. Kusch, the appellant, who was his son and only child. It was stated upon the face of each of said deeds that it was made "for the consideration of a life maintenance and the sum of one dollar."

On the 29th day of September, 1888, appellee filed in the circuit court of Cook county this, his bill in chancery, against appellant and against Johanna Kusch, the wife of the appellant. The theory of the bill is, that the consideration for said conveyances was an agreement made by appellant to support and maintain appellee during the remainder of his natural life, and provide him with suitable food and clothing, and a reasonable amount of money for his incidental expenses; that since said conveyances said appellant has neglected and refused to provide him with suitable and sufficient food and clothing or necessary funds for his expenses, and that, a short time after the execution of the conveyances, he commenced a course of cruel treatment towards him, and made numerous assaults upon him, and refused to give him food, clothing, money or shelter, and drove him from the house. The prayer of the bill is, that the deeds of conveyance be set aside and be delivered up to be canceled, and be declared null and void, or that a re-conveyance be decreed.

The substance of the answer is, that the conveyances were made in consideration of support and maintenance for life; that appellant has fully complied with his contract in that regard, and has furnished appellee with good and sufficient clothing, shelter and food, and with sufficient money for inci-

dental expenses, and that appellant has not been guilty of the cruel and unkind treatment charged in the bill, did not refuse to furnish him with food and clothing, and did not turn him out of doors.

Upon replication being filed the cause was submitted to the chancellor, the evidence being heard in open court. The allegations of the bill were found to be true, and a decree in accordance with its prayer was entered.

A claim is made that the evidence did not warrant the findings of the circuit court and the decree that was rendered. The facts testified to by appellee himself would, in the absence of contradictory evidence, amply sustain the findings and decree, and his statements were to some extent corroborated by the testimony of other witnesses. There was, however, an irreconcilable conflict between his testimony and the evidence that was given at the hearing by appellant, and the statements made by the latter were also to some extent corroborated by other witnesses. The case, then, is one where the witnesses were examined orally before the chancellor, and there was a direct conflict and contradiction in the evidence, and the rule applicable to such a case is, that to authorize a reversal for error in the findings of fact made by the chancellor, such error must be clear and palpable. (*Coari* v. *Olsen*, 91 Ill. 273; *Voss* v. *Venn*, 132 id. 14; *Ellis* v. *Ward*, 137 id. 509.) There is no clear and palpable error in this regard apparent upon the face of this record. On the contrary, we are inclined to the opinion that the preponderance of the evidence supports the conclusions of fact that were reached by the trial court.

The doctrine is well established in this State, that where one conveys his real estate and property to another person, in consideration that such other person will support and maintain the grantor during his natural life, and the grantee afterwards refuses to perform his contract for such support and maintenance, a court of equity will grant relief by rescinding the contract and canceling the deed. *Frazier* v. *Miller*, 16

Ill. 48; *Oard* v. *Oard,* 59 id. 46; *Mamero* v. *Henschel,* 20 Bradw. 346. See, also, *Rockafellow* v. *Newcomb,* 57 Ill. 186, and *Jones* v. *Neely,* 72 id. 449.

At the hearing, Johanna Kusch, wife of appellant, was called as a witness, and thereupon appellee dismissed his bill of complaint as against her, and objected to her being allowed to testify as a witness for her husband, and the court sustained the objection and refused to permit her to be examined as a witness in the cause. There was no error in this action of the court. Appellee had a right, while the hearing of the cause was pending, and prior to the rendition of the decree, to dismiss his bill as against all or any of the persons made defendants thereto. Mrs. Kusch being dismissed out of the case, and no relief or decree being asked against her, there was no occasion for examining her as a witness in her own behalf, and clearly she was not a competent witness for and on behalf of her husband.

It seems to be claimed that said Johanna Kusch had an inchoate right of dower in the real estate described in the bill of complaint, and that therefore she was a necessary party to said bill. The right of dower that a married woman has is not a vested right, but a mere intangible, inchoate, contingent expectancy. (*Blain* v. *Harrison,* 11 Ill. 384; *Johnson* v. *Montgomery,* 51 id. 185.) Where there is a defeasible title in the husband, and that title is defeated, the right of dower in the wife also terminates. There was no more occasion for making Johanna Kusch a party defendant to this bill than there would be occasion, in an action of ejectment prosecuted by the owner of the paramount title against one in possession under color of title, for joining the wife of the holder of such color of title as a party defendant.

The case of *Bailey* v. *West,* 41 Ill. 290, cited by appellant, is not here in point. In that case, Lydia Low was not the wife of the alleged trustee, but his widow, and said alleged trustee being dead, her dower right was not a mere inchoate right,

but by his decease had become consummate and was a vested right, and having a vested interest in the land in respect to which it was sought to establish the trust, she was a necessary party to the suit instituted for that purpose.

We find no error in the record for which the decree should be reversed, and it is therefore affirmed.

*Decree affirmed.*