GEORGE B. EWART, Appellant, v. MARGARET EWART, ET AL., Defendants, SAMUEL F. EWART and ELIZABETH EWART, Appellees.

**Partition:** APPEAL: NECESSARY PARTIES.  Service of notice of appeal need not be made on coparties whose interests cannot be prejudicially affected by the appeal.

**Evidence:** DEED GIVEN AS SECURITY.  In an action to partition the property belonging to an estate, the evidence is reviewed and held to show that a deed given deceased by one of the heirs was in fact a mortgage, and that the indebtedness secured thereby had been paid.

*Appeal from Ida District Court.—* HON. Z. A. CHURCH, Judge.

SATURDAY, DECEMBER 17, 1904.

SUIT in equity for the partition of land.  The plaintiff and the defendant Samuel F. Ewart are the sons of George Ewart, who died intestate in October, 1897.  The parties hereto are all residents of the State of Pennsylvania.  The land involved in the controversy was owned by the defendant Samuel F. Ewart, and was by him conveyed to his father, George Ewart, on the 10th day of August, 1893, and the title thereto stood in the father's name at the time of his death.  At the time the deed was executed and delivered, the grantor, Samuel F. Ewart, was engaged in business in Pittsburg, Pa.  He was financially involved, and the evidence is undisputed that his father gave him his individual

note for $5,700, which he discounted at a Pittsburg bank, and that he used the proceeds thereof in paying at least a part of his debts. In his answer and cross-petition Samuel F. Ewart alleged that the deed was given solely as security for his father's accommodation, and was in equity a mortgage only. He asked an accounting, and that the title to the land be quieted in him as against said deed. There was a judgment for the defendant Samuel F. Ewart, from which the plaintiff appeals.— *Affirmed.*

*Charles S. Macomber,* for appellant.

*Homer S. Bradshaw,* for appellee Samuel F. Ewart.

SHERWIN, J.— The appellee filed a motion to dismiss the appeal because all parties were not served with the notice thereof. The record shows conclusively that all parties to

1. APPEAL: necessary parties.

the suit except the wife of Samuel F. Ewart are interested therein adversely to him, and that their interests are identical with the interest of the plaintiff. His success depends upon a finding that the land belongs to his father's estate, and when it is determined that it does all of the other heirs are benefited thereby. The determination of the plaintiff's rights upon this appeal cannot, therefore, prejudicially affect the rights of the codefendants of Samuel F. Ewart, and we think they are not necessary parties to the appeal. Section 4111 of the Code provides for service of notice of appeal upon coparties, but such notice is evidently not necessary unless the rights of such parties may be prejudicially affected by the appeal. *Hunt v. Hawley,* 70 Iowa, 183; *Bowman v. Besley,* 122 Iowa, 42. The motion to dismiss is therefore overruled.

This is a fact case, and we think it clearly shown by the direct testimony of the witnesses and by the facts and circumstances in evidence that the deed was given to the father as security for the credit he extended to the son when he

gave him the note in question.    We shall not review the evi-
dence, but may say that, aside from the infer-

2. EVIDENCE:
   deed given
   as security.

ences that might be drawn from the conduct of
the appellee after his father's death, there is no
substantial evidence in the record negativing the claim of
the appellee.    At the time the deed was made the land con-
veyed thereby was worth at least $9,000.    At the same time,
and as additional security, a bill of sale of personal prop-
erty worth over $2,000 was also made in favor of the father,
and placed in the hands of a third party for his use.    A part
of the note given by the father to the appellee was in fact
paid by the appellee.    It was a short-time note, and was
renewed from time to time, covering a period of three or
four years, though its maker was a wealthy man, able to pay
it at any time.    These and many other circumstances appear-
ing in evidence corroborate too strongly and too certainly the
positive testimony of witnesses who had personal knowledge
of the transaction for us to say that such witnesses are un-
worthy of belief; and, considering the evidence as a whole,
but one conclusion can be reached.    The appellee's apparent
recognition of absolute title in the estate after his father's
death is fairly explained, and, as thus explained, it was not
inconsistent with his present position.    It may be conceded
that an undelivered bill of sale of personal property will pass
no title thereto, but, unless we disregard the positive testi-
mony of at least two competent witnesses, the bill of sale was
treated by all parties as affective as security before the father
bought the property in at the sheriff's sale; and it further
appears that this purchase was made for his own and his son's
protection.    When the appellee repurchased the box factory
from the estate, he was in fact paying a part of his indebted-
ness to the estate, and in a final accounting of the whole trans-
action he should be credited with the amount so paid.    It
appears, however, that the rents received from the land and
the profits received from the factory while operated by the
father largely exceed the amount due the estate.    The record

does not establish the claim that the transfers in question were made for the purpose of delaying and defrauding creditors. On the contrary, it conclusively appears that the money raised by discounting the father's note was used in the payment of debts, and that all of the debts of the defendant were in fact paid eventually. We reach the conclusion that the deed is in fact a mortgage only, and that the indebtedness secured thereby has been fully paid and discharged.

The judgment is therefore *affirmed.*