F. S. JACKSON, Appellee, v. GEORGE F. SNYDER et al., Appellants.

**BOUNDARIES: Recorded Plat—Conclusiveness.** The recorded plat of
1 an addition must be held to control boundary lines, in the absence of evidence sufficient to establish the acquiescence of the interested parties in other boundary lines. (See Book of Anno., Vol. 1, Sec. 12306.)

**APPEAL AND ERROR: Notice of Appeal—Noninterested Coparties.**
2 Notice need not be served on coparties when the record fails to show that they may be adversely affected by the appeal. (See Book of Anno., Vol. 1, Sec. 12834.)

Headnote 1: 9 C. J. p. 221. Headnote 2: 3 C. J. p. 1221.

Headnote 1: 4 R. C. L. 118. Headnote 2: 2 R. C. L. 110.

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

APRIL 6, 1926.

REHEARING DENIED SEPTEMBER 24, 1926.

George F. Snyder and Nicke E. Marte and their wives appeal from a decree quieting title.—*Reversed.*

*L. D. Dennis,* for appellants.

*Crissman & Linville,* for appellee F. S. Jackson.

*Charles Penningroth* and *George E. Farmer,* for appellee and cross-petitioner City of Cedar Rapids.

MORLING, J.—I. The subjects of this litigation are the boundary lines between the appellants' lots and Morton Street on the west, and between those lots and plaintiff's unplatted property on the east. The lots are in Central Park Second Addition to Cedar Rapids. This addition consists of two parallel tiers of lots, extending north and south, and separated by Morton Street. The lots are platted as 120 feet in length east and west. Appellant Snyder owns Lots 1 to 8, being the north 8 lots of the 24 in the east tier. Marte owns Lots 22 and 23, near the south end of the tier. The undisputed evidence is that the east fence of Snyder's lots, as Snyder claims the lots to be, is practically on the line as the addition was actually platted, many years ago. Plaintiff claims that the line between his land and this addition was marked for many years by a fence, the location of which should be established as the boundary by acquiescence. We find no satisfactory evidence of the period of existence, or of an actual and definite location of such a fence, as marking the east line of the lots now owned by Snyder, for the statutory period. There is evidence that plaintiff and his predecessors in title considered the fence as on their west line, and as marking the boundary. There is no sufficient evidence that the owners of the lots had notice of the claim of the owners of plaintiff's property that the fence marked the boundary, and that they consented or acquiesced in its location as such, for the required period. No case of acquiescence has been made. *Davis v. Angerman,* 195 Iowa 180.

1. BOUNDARIES: recorded plat: conclusiveness.

II. Morton Street has been used and worked to an uncertain extent for a number of years. Buildings of some sort have been erected along both sides of it, without much reference to the platted location of the lines. The city engineer attempted to locate the street from the improvements. He says that, if the improvements to the westward of the street were too far eastward, so as to interfere with the westerly line of the street, he

endeavored to run the street lines so as not to interfere with the property on the west any more than on the east. In laying out the street, he used none of the "points" set forth in the recorded plat. In this operation he ran the east line of Morton Street so that it would cut about 7 feet off the west end of Snyder's lots, as Snyder had them fenced, thereby also cutting off a part of his house. Snyder says that his buildings were erected in the spring of 1914, which was less (though his west line fence, erected 2 years earlier, was there more) than 10 years before the action was commenced. He says he put his west fence on the line that the "city gave him," as the property line, and that no objections were ever made on the part of the city. He claims, therefore, that his street line has been established by acquiescence on the part of the city, and also by estoppel. His evidence, however, is altogether insufficient to establish either. *Dwight v. City of Des Moines,* 174 Iowa 178; *Johnson v. City of Shenandoah,* 153 Iowa 493; *Herrick v. Moore,* 185 Iowa 828; *Langle v. Brauch,* 193 Iowa 140.

III. The city engineer replatted the two blocks of the addition and Morton Street in accordance with his location of the street lines previously noted. By his attempted replat, he gives to the appellants their depth of 120 feet, as the court seems to have thought; though, on the evidence of the actual location on the ground, this is not clear. Anyhow, the engineer's plat does not conform to the recorded plat. The judge of the trial court made a personal inspection of the addition, and adopted the city engineer's plat, possibly on the assumption that it was the best solution of the problem, in the interest of all concerned. Snyder and Marte, however, refused to concur in the court's adjustment. T. R. Warriner, civil engineer, surveyed and located the lines in accordance with the recorded plat. The blue print of his survey is in evidence, and its correctness is undisputed. The lines in controversy between the properties of the plaintiff and the appellants and between the appellants' property and the street should not be established at variance with the Warriner survey. On the appellants' cross-petition, the line between the properties of the plaintiff and the appellants should be established in accordance with the Warriner survey. Not all of the parties interested and necessary to an establishment of the street line are before the court, and the cross-petitions between the appellants

and the city of Cedar Rapids should be dismissed without prejudice.

IV.  Plaintiff has moved to dismiss the appeal because, as the action was brought, other owners of lots in the east tier were made parties defendant, and have not appealed, and no notice of appeal has been served upon them.  We are of the opinion, however, that the record fails to show that these other lot owners will be adversely affected by a reversal.  The motion is overruled.  *Sullivan v. Sullivan*, 139 Iowa 679.

2. APPEAL AND ERROR: notice of appeal: non-interested co-parties.

The decree is—*Reversed.*

DE GRAFF, C. J., and EVANS and ALBERT, JJ., concur.