# THOMAS OARD *et al.*

## *v.*

# ELIJAH OARD.

1. RESCISSION OF CONTRACT—*for withholding the consideration.* A father, upwards of seventy years of age, induced by the promise of his son to support him and his almost equally aged wife, in comfort during the remainder of their lives, conveyed his farm to his son's wife, and transferred to his son all his personal property. The son took possession of the farm, and by his continued unkindness and ill treatment, in little upwards of a year compelled his parents to leave and take refuge with another child. Upon bill filed by the father to rescind the contract, it was *held,* if the rescission of the contract in cases of such character, could not be referred to any other head of equity jurisdiction, it would be proper to presume that it was made in the first instance with a fraudulent intent.

2. And in this case, no accident or misfortune, or unforeseen event of any kind having prevented the son from executing his agreement, and the record disclosing no provocation of any sort, nor any attempt at justification, the inference was regarded as unavoidable, that the son procured the deed from his father with intent to treat him in the manner he did.

3. DECREE *in favor of the "defendants," when all are not entitled.* Where a grantor of land sought by bill in chancery to rescind the deed, making his grantees, and also a tenant in possession, parties defendant, and a decree was rendered setting aside the conveyance, but directing that the complainant pay to the "defendants" a certain sum for improvements: *Held,* as all the defendants would, by the terms of the decree, be entitled to participate in the sum so directed to be paid, when the tenant was not entitled to any part of it, the decree was, to that extent, erroneous.

WRIT OF ERROR to the Circuit Court of Jefferson county; the Hon. JAMES M. POLLOCK, Judge, presiding.

Mr. C. H. PATTON and Mr. G. WRIGHT, for the plaintiffs in error.

Messrs. TANNER & CASEY, and Mr. JACOB K. ALBRIGHT, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This case, in all its essential features, is like *Frazier* v. *Miller*, 16 Ill. 49, and falls within the authority of that decision. A father, upwards of seventy years of age, induced by the promise of his son to support him and his almost equally aged wife, in comfort during the remainder of their lives, conveyed his farm to his son's wife, and transferred to his son all his personal property. The son took possession of the farm, and, by his continued unkindness and ill treatment, in little upwards of a year compelled his parents to leave and take refuge with another child. This bill is brought by the father to rescind the contract, and the circuit court so decreed.

Cases of this sort are rare in our books, as, fortunately for our common humanity, they are rare in actual life. But, as was said by this court in *Frazier* v. *Miller*, *supra*, when they do occur they appeal so strongly to the conscience of the court for relief, that if the rescission of the contract can not be referred to any other head of equity jurisdiction, it would be proper to presume that it was made in the first instance with a fraudulent intent.

On the evidence in this record, such a presumption is not merely reasonable but irresistible. No accident or misfortune, or unforeseen event of any kind, has prevented the son from executing his agreement. His refusal shows not only a wanton disregard of the obligations of a contract, more binding upon the conscience than almost any other that could be made, but a degree of filial inhumanity rarely seen. As the record discloses no provocation of any sort, nor any attempt

at justification, the inference is unavoidable, that the son pro-
cured the deed from his aged father for the very purpose of
doing precisely what he has done.  The transaction was a
gross abuse of the confidence reposed by the almost imbecile
parent in his son, and is tainted throughout by a fraudulent
intent, which ripened into a wicked consummation.  The circuit
court.properly pronounced a decree rescinding the deed.

There is, however, a minor error in the decree, doubtless
the result of inadvertence, which needs correction.  Pettijohn
was made a party to the suit, as tenant in possession.  He
seems to have had no other interest.  The decree requires the
complainant to pay to the defendants the sum of $218.00,
designed, we presume, as compensation for improvements.
As this payment is to be made to the defendants generally,
without naming which of them, Pettijohn would be entitled
to claim his share of the money, although we presume the
court did not design any should be paid to him..  In order
that the decree may be modified, the cause will be remanded.
The court below divided the costs in that court, and they will
be divided here, one half to be taxed against plaintiffs in
error, and one half against the defendant in error.

*Decree modified.*