CLARENCE D. GRAF V. STATE OF NEBRASKA.

FILED MAY 25, 1929. No. 26563.

C. B. Ellis, Claude S. Wilson, Roy F. Gilkeson and Hyman Rosenberg, for plaintiff in error.

O. S. Spillman, Attorney General, and Donald Gallagher, contra.

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ., and SHEPHERD, District Judge.

GOOD, J.

Plaintiff in error, hereinafter called defendant, was convicted of the offense of obtaining property by false pretenses, and was sentenced to a term at hard labor in the state penitentiary. He brings the record of his conviction to this court for review. The conclusion reached makes it necessary to consider but one assignment of error, viz., that the verdict is not sustained by the evidence.

The prosecution was brought under section 9892, Comp. St. 1922, which makes it an offense for any one, by false pretenses, with intent to cheat or defraud, to obtain the signature or indorsement of any person to any promissory note or other instrument in writing, and if the value of the property so obtained is $35 and upwards the offense is a felony.

The second count of the information on which the verdict was rendered charged that defendant falsely represented and pretended that he was the owner and holder of the record title to certain described lands which were subject to a mortgage of $4,000, and that he represented that he had made arrangements with the mortgagee for a new loan thereon of $6,000, and offered to convey such lands to one Krauss, in exchange for certain lands and a note, secured by chattel mortgage, then owned by Krauss, and that defendant would pay a certain note owing by Krauss, for the security of which the note owned by Krauss had been pledged.

The record discloses that a contract for the exchange of properties was entered into between defendant and Krauss, and, pursuant thereto, Krauss indorsed the note, owned by him, secured by chattel mortgage, and delivered the note and chattel mortgage to defendant, and also delivered to defendant warranty deeds executed by Krauss and wife for the lands owned by Krauss, and at the same time defendant executed and delivered to Krauss a warranty deed for the lands which defendant had claimed to own. At the time of this transaction, defendant held a contract for the purchase of the lands he claimed to own, and had paid thereon the sum of $500. A deed had been executed by the owner of the record title to this land, in which defendant was named as grantee, and deposited in escrow, to be delivered to defendant upon payment by him of the balance of the purchase price, amounting to $3,100.

Some time after the making of the contract for and exchange of deeds between Krauss and defendant, the latter voluntarily made payments aggregating more than $1,100 on his contract for the purchase of the lands he had agreed and attempted to convey to Krauss. This is evidence tending to show that defendant was acting in good faith in entering into the contract with Krauss, and tending to negative the charge that he had an intent to cheat or defraud. This evidence, however, is not conclusive, and that question was one for the jury.

A more serious question is raised as to the falsity of the representations which defendant actually made. It is charged in the information that defendant represented that he was the owner and holder of the record title to the land which he was to convey to Krauss. The evidence does not sustain this charge. Defendant denies that he made any such representations, and Krauss, himself, testifies that defendant did not state that he was the owner of the record title. The most that the evidence shows is that defendant said he owned the land and referred to it as "my land." The question then arises: What is the significance of the use of the word "own?" An owner of land may have only a limited interest in it. One may properly say that he owns land, even though it may be incumbered by mortgage for its full value. He may be the owner of the land when he has no record title, but is entitled thereto; and, upon the other hand, one may have the record title when, in fact, he may have nothing but the bare, naked legal title, and another may be the equitable owner. The word "owner" is one of wide and extensive meaning when applied to real estate. It includes a rightful proprietor; one who owns the fee; one who has an estate less than a fee; any one who owns an estate in lands; the person entitled to the legal estate; any one who has an equitable right to or interest in land, or one who has any right which, in law or equity, amounts to ownership in the land. 29 Cyc. 1549, 1550.

In *Severin v. Cole,* 38 Ia. 463, it was held: "The mortgagee of real estate is an owner in such a sense that he is entitled to notice of the assessment of damages for a right of way over such property."

In *Omaha Bridge & Terminal R. Co. v. Reed,* 69 Neb. 514, it was held: "A mortgagee is an owner within the meaning of the statute providing for the taking of land under the power of eminent domain."

In *Board of Commissioners v. Northwestern Mutual Life Ins. Co.,* 114 Neb. 596, it was held: "The word 'landowner' as used in section 1724, Comp. St. 1922, embraces not only the owner of the fee, but mortgagees, whose mortgages are

of record, and notice to them of the proposed organization of a drainage district under article III, ch. 17 (secs. 1718-1743), Comp. St. 1922, must be given before special assessments levied against the land affected can become liens superior to the liens of the mortgagees." In the course of the opinion in the latter case it was said (page 599): "What is the meaning of the word 'landowner' as used in the statute? It has been said that the term 'owner' has no exact technical meaning (1 Hare, American Constitutional Law, 355), but as used in the law has generally been treated as including all persons having a claim or interest in the property although the same might fall far short of an absolute ownership. *Lozo v. Sutherland,* 38 Mich. 168. And in dealing with the word 'landowner' in a statute giving the right of eminent domain upon payment of damages, it was held that the word embraces not only the owner of the fee, but a lessee for years, and any person who has an interest in the property affected by the condemnation proceedings."

We think it must be conceded that defendant had an equitable interest in the land by virtue of the contract and deed to him in escrow from the owner of the legal title, and, under the authorities above cited, defendant could truthfully say that he was the owner of the land, although he was not the owner of the fee and was not entitled to a deed until he had met the payments due to his vendor. But, aside from this, the charge is that he had represented that he was the owner and holder of the legal title. The evidence does not support the charge. Under the circumstances, we are forced to the conclusion that the verdict is not sustained by the evidence.

In view of the testimony of Krauss, the complaining witness, that defendant did not at any time represent to him that he was the owner of the record title, a conviction could not be had upon a subsequent trial.

For the reasons given, the judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.