PETERS, Respondent, v. PETERS, et al, Appellants.

(255 N. W. 466.)

(File No. 7629.   Opinion filed June 14, 1934.)

*Morrison & Skaug,* of Mobridge, for Appellants.

*Clyde H. King* and *Miller & Shandorf,* all of Mitchell, for Respondent.

ROBERTS, P. J. Fritz F. Peters and his wife, plaintiff in this action, on March 5, 1925, executed and delivered to their son, Otto C. Peters, a warranty deed to a quarter section of land in Aurora county. On the same day and as a part of the same transaction the grantors in such deed entered into a contract with their son and his wife, reciting the conveyance and the consideration therefor. The contract contained the following provisions: "This contract entered into this 5th day of March, 1925, by and between Fritz F. Peters and Wiebke C. Peters, husband and wife, of Mitchell, Davison County, State of South Dakota, parties of the First part; and Otto C. Peters and Sophia W. C. Peters, husband and wife, of Stickney, Aurora County, State of South Dakota, parties of the second part, Witnesseth: That the said parties of the first part hereby agree to grant and convey by a good and sufficient Warranty Deed of even date herewith, to Otto C. Peters, one of the parties of the said second part, grantee, of Stickney, Aurora County, South Dakota, the following described real estate situated in the County of Aurora, in the State of South Dakota, to-wit: (description follows). That as a consideration for said above mentioned deed the said parties of the second part hereby agree to pay to the said parties of the first part the sum of Four Hundred Dollars on the date of this contract, and thereafter the sum of Four Hundred Dollars on the 1st day of March of each and every year during the natural life of said Fritz F. Peters and Wiebke C. Peters, and at the death of either one of said second parties the said payment of Four Hundred Dollars per year shall be paid to the survivor during his or her natural life; that at the death of such surviving husband or wife the consideration for the afore-mentioned deed shall be deemed fully paid, and the said parties of the second part released from any further obligation under this contract. This contract is binding on our heirs, executors, administrators and assigns."

The husband of the plaintiff died before the commencement of this action. Since the payment maturing March 1, 1930, no payments under the contract have been made, and this action was instituted to have the contract and the amounts payable thereunder adjudged a lien on the premises. Otto C. Peters and his wife on December 19, 1932, conveyed the land to defendant W. F. Sprick. Title was acquired by Sprick with knowledge of the existence of

the contract and of the delinquent payments. The trial court found for the plaintiff, and judgment was rendered decreeing a lien upon the premises, superior and paramount to any title or interest of the defendants, for the amounts maturing and unpaid during the lifetime of the plaintiff.

The contract provides for the payment of a stipulated annuity. It recites that the consideration for the conveyance is this agreement of the son to pay annually to grantors and "at the death of either one * * * to the survivor during his or her natural life" the agreed amount of $400. The conveyance was in consideration of such support to be furnished by the grantee and his wife, and the legal effect is the same as though this agreement for support had been made a part of the deed. Hegge v. Hegge, 44 S. D. 555, 184 N. W. 800.

Without express provision for re-entry or forfeiture for a failure to perform, defendants contend the plaintiff may not have recourse to the land; that the failure by a grantee to perform a promise which constitutes the consideration inducing an executed conveyance gives rise to no right of cancellation in a grantor or to the impairment of the title of the grantee for the reason that the promise does not amount to a condition; and that the remedy of the plaintiff is an action for damages. Where an aged parent conveys land to a son or other relative for the consideration that the grantee shall furnish support or pay an annuity, much hardship would result in many cases if relief in equity were denied in obedience to the rule contended for. In Bruer v. Bruer, 109 Minn. 260, 123 N. W. 813, 814, 28 L. R. A. (N. S.) 608, a case where a parent conveyed land to his son in consideration of the son's agreement to support his parent during the remainder of his life, the court said: "Contracts and agreements of the kind are quite familiar to the courts. They are, as a rule, made by people well along in years with a child or other relative, and are intended to secure to the old people proper and suitable support and maintenance during their declining years, at the same time relieving them of the care and responsibility incident to the management of their affairs. They part with their property in the expectation and belief that their future necessities and comforts are fully provided for, and in an abiding faith that natural affection and filial duty will prompt and secure a faithful discharge of the obligations assumed by the child

to whom they convey.  There is in such transactions an element
of confidence reposed by the old people in their grantee, sacred
in its nature, a breach of which, and retention of the benefits, no
court should tolerate by a refinement upon technical rules and prin-
ciples of law.  By the modern trend of authority these transactions
are placed in a class by themselves, and enforced without reference
to the form or phraseology of the writing by which they are ex-
pressed, or whether by the strict letter of the law a forfeiture of
the estate is expressly provided for."

Courts hold with substantial unanimity that the grantor in a
deed, the consideration for which is his support to be furnished by
the grantee, is entitled to equitable relief by sustaining a right or
interest in the land conveyed where there is nonperformance of
the agreement to support, but are not in accord as to the grounds or
the form of the relief.  In some jurisdictions the promise of a
grantee to furnish support is regarded as a condition subsequent
on breach of which the grantor has the right of re-entry.  Glocke
v. Glocke, 113 Wis. 303, 89 N. W. 118, 57 L. R. A. 458; Huffman
v. Rickets, 60 Ind. App. 526, 111 N. E. 322; Adkins v. Adkins,
171 Ky. 762, 188 S. W. 843.  In another jurisdiction rescission has
been decreed, based on a presumption of the grantee's fraudulent
intention at the time of procuring the conveyance to fail in the
performance of his obligation.  Kusch v. Kusch, 143 Ill. 353, 32
N. E. 267; McClelland v. McClelland, 176 Ill. 83, 51 N. E. 559;
Fabrice v. Von der Brelie, 190 Ill. 460, 60 N. E. 835.  Such an
agreement has been treated as creating an implied trust, and a
reconveyance was decreed.  Grant v. Bell, 26 R. I. 288, 58 A. 951.
Relief has also been granted on the theory that a conveyance of
the character under consideration is a mortgage in a jurisdiction
where a conditional deed is treated as a mortgage, and a foreclosure
was decreed.  Abbott v. Sanders, 80 Vt. 179, 66 A. 1032, 13 L. R.
A. (N. S.) 725, 130 Am. St. Rep. 974, 12 Ann. Cas. 898.  In a
number of jurisdictions equitable relief has been granted without
stating a specific ground, but upon the apparent general ground
of hardship and the inadequacy of a legal remedy.  See Compre-
hensive Note, 43 L. R. A. (N. S.) 916.

No cancellation or rescission of the conveyance was
sought by the plaintiff, and the relief granted was the adjudication
of a lien upon the property acquired in the transaction.  It is not

necessary to determine whether a court of equity may properly hold an agreement for support under facts such as are here presented to be a condition subsequent to the conveyance of title or may decree a rescission for failure of consideration, in whole or in part. Section 904, Rev. Code 1919; Hegge v. Hegge, supra. Courts may grant such equitable relief as the facts will justify, and the rule referred to, if applicable would not prevent the granting of other relief. Johnson v. Johnson, 184 Minn. 262, 238 N. W. 483.

■■ While it is true as applied to an ordinary conveyance that the failure by a grantee to perform a promise will not give rise to a lien or charge against the land in the absence of an express reservation or promise to that effect, we do not regard the omission of such a clause in a contract of the kind under consideration as fatal. Courts take cognizance of the peculiar character of these transactions involving the element of confidence and other considerations, and as we have indicated do not deny relief by reason of the general principle applicable to ordinary conveyances. Hegge v. Hegge, supra; Bruer v. Bruer, supra; Bogie v. Bogie, 41 Wis. 209; Anderson v. Reed, 20 N. M. 202, 148 P. 502, L. R. A. 1916B, 862; Keister v. Cubine, 101 Va. 768, 45 S. E. 285. Whether the agreement in the instant case constituted a condition subsequent or not, our conclusion is that plaintiff, for a breach of the agreement, was entitled to the relief granted.

The judgment and order appealed from are affirmed.

All the Judges concur.