## LOWE FOUNDATION v. MOSLEY et al.
### No. 14557.

United States Court of Appeals
Eighth Circuit.

Oct. 15, 1952.

H. R. Jackson, Lemmon, S. D. (Jackson & Krause, Lemmon, S. D., and Vent &

Vent, Chicago, Ill., on the brief), for appellant.

Julius Skaug, Mobridge, S. D. (H. F. Fellows, Rapid City, S. D., and Pat Morrison, Mobridge, S. D., on the brief), for appellees.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

The United States in an action commenced in the District Court on May 29, 1951, secured a judgment condemning 1280.93 acres of land situated in Perkins County, South Dakota. It is agreed that the just compensation for the land is $31,057.50. The defendants in that suit were William Mosley, Mabel Mosley, and Lowe Foundation, a not-for-profit Illinois corporation. This controversy involves only the question of which defendants are entitled to the proceeds, the Mosleys or the Lowe Foundation.

The land formerly belonged to Hortense B. Lennan, a widow. On May 31, 1941, she executed ten warranty deeds conveying the land to the defendants Mosley. These deeds were delivered to Mosley on September 16, 1946, and recorded on September 17, 1946. On the day preceding their delivery William Mosley executed and delivered to Mrs. Lennan the following

"Memorandum

"In consideration for delivery of deeds conveying unto William M. Mosley and Mabel Mosley 1200 acres, more or less, and described as (describing the land here involved), I hereby agree to repay Hortense B. Lennan the amount of money advanced by her in tax redemption of the above described lands, and in further consideration I hereby agree to continue raising and handling sheep in which Hortense B. Lennan has an interest, on the same basis and general terms as in previous years which is fifty-fifty.

"Dated at Lemmon, South Dakota, September 15, 1946.

/s/ "Wm. Mosley."

On November 21, 1949, Hortense B. Lennan executed and delivered to appellant Lowe Foundation, a warranty deed conveying most of the same land conveyed to the Mosleys in consideration of an agreement to care for and support her for the remainder of her life.

In the condemnation case the Mosleys in their answer claimed the entire amount on the ground that they were the sole owners of the land by reason of the warranty deeds executed in 1941 by Hortense B. Lennan and delivered to them in September, 1946.

The Lowe Foundation in its answer claimed to be entitled to all or a part of the amount by reason of the deed of November 21, 1949, conveying the land to it in consideration, it is alleged, of its contract to support the grantor; and in the amended answer it prayed for judgment vacating and setting aside the deeds from Hortense B. Lennan to William Mosley and Mabel Mosley and annulling the alleged contract between the Mosleys and Mrs. Lennan, by the terms of which it is alleged that the consideration for said deeds was an undertaking by the Mosleys to support Mrs. Lennan for the remainder of her life, and to award to the Lowe Foundation an amount equivalent to the value of the land described in her deed to the Foundation.

Counsel for the Mosleys objected to the introduction of any evidence under the answer of the appellant Lowe Foundation. The court sustained the motion, saying:

"As I see this case, Mrs. Lennan has a cause of action against the Mosley's for failure to keep a promise that they made with reference to reimbursing her for certain money and continuing in the sheep business with her. That is all there is in the answer * * *. There wasn't any fraud in connection with the proposition any more than would be fraud in the failure to pay a promissory note. It was a breach of contract * * *."

An exception was granted to the ruling, and judgment was entered awarding the entire compensation for the land to the Mosleys.

It is contended here that

1. The court erred in sustaining the objection of the Mosleys to the introduction of

any evidence under the amended answer; and

2. The court erred in granting the motion of the defendants Mosley for judgment on the pleadings.

These points relate to a single issue, namely, the sufficiency of the amended answer of the appellant.

The theory of appellant is that the allegations in the amended answer warrant an inference that the Mosleys orally agreed that in consideration of the deeds conveying the land to them they would support the grantor for the remainder of her life; that Mrs. Lennan was entitled to rescind the deeds to the Mosleys because the consideration for them failed in part; and that appellant by reason of the subsequent deed to it has succeeded to that right. We agree with the trial court that such an inference is not warranted by any of the allegations contained in the answer. The only contract between the parties referring to a consideration for the deeds is contained in Exhibit A, supra, entitled "Memorandum." That contract obligated the Mosleys to "repay Hortense B. Lennan the amount of money advanced by her in tax redemption of the above described lands * * * and * * * to continue raising and handling sheep in which" she "had an interest", but without specifying for how long. If the Mosleys have not performed that contract Mrs. Lennan has a cause of action against them for breach of contract. But she is not a party to this suit; nor has she assigned her contract to the appellant.

The first object of the appellant is to secure a decree setting aside and cancelling the warranty deeds to appellees. Hortense B. Lennan executed the deeds to the Mosleys May 31, 1941, and they were delivered and recorded in September, 1946. Under these deeds it appears that the grantees took possession. The deed to the appellant was not executed until November, 1949. The rights of the parties are governed by the laws of South Dakota. Appellant contends that its right to maintain this suit is recognized by Section 51.1409 of the South Dakota Code of 1939, which reads:

"Any person claiming right or title to lands, tenements, or hereditaments, although he, she, or they may be out of possession, and notwithstanding there may be an adverse possession thereof, may sell, convey, and transfer his or her interest in and to the same in as full and complete a manner as if he or she were in actual possession of the lands and premises intended to be conveyed; and the grantee or grantees shall have the same right of action for the recovery thereof, and shall in all respects derive the same benefit and advantage therefrom as if the grantor or grantors had been in actual possession at the time of executing the conveyance."

Clearly this statute does not in any way affect the rights of rival claimants to title to lands in South Dakota; and no case under the statute is cited in support of appellant's contentions in the instant case.

The appellant next contends that by its deed it is subrogated to all the rights against the Mosleys that Hortense B. Lennan ever had. In support of this contention the appellant relies upon the decision of the Supreme Court of South Dakota in Application of Mach, 71 S.D. 460, 25 N.W.2d 881, 883.

Two alleged rights are sought to be enforced upon the principle of subrogation. First, it is contended that the appellant may enforce the alleged oral contract by the terms of which the Mosleys agreed to support Mrs. Lennan for the remainder of her life; and, second, that the deeds to the Mosleys should be cancelled for the reason that the appellees have failed to perform their memorandum contract Exhibit A, supra, in that they failed to continue the sheep raising business during the life of Mrs. Lennan.

If it be assumed that the complaint and the memorandum Exhibit A may be so construed, it does not follow that the appellant in this suit may obtain a decree enforcing the contract or canceling the deeds by subrogation. Those rights are personal to Mrs. Lennan, and she is not a party to this suit; neither has she assigned such rights to the appellant. Nor may the doctrine of subrogation be invoked by appellant. In the

Mach case, supra, relied upon by the appellant, the Supreme Court of South Dakota stated the rule as follows: "As now applied, subrogation is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter."

■ While subrogation is a consequence which equity attaches to certain conditions, those elements or conditions must be present in every instance where legal subrogation is sought. Since appellant claims that under the deed from Mrs. Lennan it is subrogated to her rights, it is important here that those conditions be met; and in this connection it is necessary to understand the meaning of the word "volunteer" used in the Mach case, supra. In 67 C.J., page 276, "volunteer" is defined as "One who does or undertakes to do that which he is not legally or morally bound to do, and which is not in pursuance or protection of any interest. One who intrudes himself into matters which do not concern him; more particularly, one who enters into service of his own free will * * *." And see White v. Great Northern Ry. Co., 142 Minn. 50, 170 N.W. 849.

The facts in the Mach case, supra, upon which appellant relies, are in no way comparable to the facts here. There Joseph Mach deeded certain land in South Dakota to his wife Julia. The deed recited "This deed is made upon condition that a contract of even date herewith is fully and faithfully performed." Julia Mach died in 1924 and Joseph continued after her death to live on the farm and receive the rents therefrom. About two years before Joseph's death, Adolph Mach, one of the four children, went to the farm and there found his father suffering from a paralytic stroke. Adolph took Joseph to his own home where he cared for him until his death in 1938. Adolph's brothers and sister did nothing to assist in the care of their father even after solicitation by Adolph of financial aid. Since the contract, supra, specifically provided that the grantor, Joseph Mach, "shall receive therefrom [the land deeded to Julia] his support", the court found that "Adolph

was not a mere volunteer, but was acting under compulsion recognized by equity as a basis of the right of subrogation." And the court further found that under the provisions of Section 14.0312 of the South Dakota Code the status of a parent as a "poor person" is a condition to the duty to support; and since Joseph Mach was entitled to his support from the land he was not a "poor person" within the meaning of the statute, and that his son Adolph was subrogated to all of Joseph's rights and had an equitable lien upon the realty and income for the reasonable care and support furnished to his father, Joseph Mach.

In South Dakota it has been held in respect of conveyances made in consideration of a promise to support the grantor, where the grantee fails to perform, a rescission and cancellation of the conveyance is ordinarily justified. And it is not necessary that the support agreement be set out in the conveyance as a condition or covenant. The outstanding element is the trust and confidence reposed by the grantor in the grantee. McGillivray v. Peterson, S.D., 41 N.W.2d 832, Application of Mach, supra; Peters v. Peters, 62 S.D. 563, 225 N.W. 466; Hegge v. Hegge, 44 S.D. 555, 184 N.W. 800.

■ All of the cited cases involve a family relationship not present in the relationship between the Mosleys and Mrs. Lennan. The "Memorandum" executed by Mosley is not referred to in the deeds executed by Mrs. Lennan to the Mosleys; it contains no promise of support; it is a mere promise to pay, for the failure of which Mrs. Lennan has a cause of action. Since she is not a party here, made no assignment of the "Memorandum" to the appellant, it cannot stand in her shoes. Moreover, the Lowe Foundation was under no moral or legal obligation to support Mrs. Lennan and therefore must be considered "a mere volunteer or intruder" as described in the Mach case, supra.

■ In its reply brief appellant requests the court to grant it the privilege further to amend its Amended Answer in the event we conclude that the Amended Answer does not sufficiently allege that the consideration for the deeds to the Mosleys was a contract for the care and support of Hortense B.

Lennan. We cannot perceive how such an amendment would strengthen the appellant's case unless we should also find and conclude that appellant is for some reason entitled to subrogation to all the rights of Mrs. Lennan, and that we cannot do under the law of South Dakota.

We have carefully considered the pleadings, findings and decision of the trial court, and the briefs in this case, and we find no error in the rulings and decision of the court. The judgment must therefore be affirmed.