Donna RENNICK, Plaintiff and Appellant,

v.

Peter RENNICK et al., Defendants and Respondent.

No. 7624.

Supreme Court of North Dakota.

Dec. 29, 1956.

Rehearing Denied Jan. 28, 1957.

William S. Murray, Bismarck, for appellant.

Alfred A. Thompson, Bismarck, for defendants.

GRIMSON, Judge.

On the 18th day of December 1953, Peter Rennick, by warranty deed, conveyed all of Section 11, Township 138, Range 79 to Albert Rennick and Donna Rennick, his wife. Peter Rennick was a widower, Albert Rennick was his son and Donna Rennick his daughter-in-law. Consideration recited in the deed was "$1.00 and other consideration." The real consideration was expressed in a written contract between the parties, made at the same time by which the second parties, (Albert and Donna Rennick) agreed to pay to first party (Peter) the sum of $3,000 per year during the remainder of the natural life of said first party, such sums to be paid in one annual installment on the 1st day of October in each year beginning Oct. 1, 1954, and each year after said date so long as the said first party shall live. The contract further provided that "in the event that default shall be made by the second parties in the performance of this agreement then the said real property shall revert unto the said first party upon his written demand therefor, and he to become sole owner thereof and the second parties to be entitled to no reimbursement for any portion of such money so paid out." It is clear that this was an arrangement whereby the father deeded this property to the son and daughter-in-law in consideration of support for life. The deed and the agreement were recorded. Immediately after consummation of this agreement it appears that by mutual consent Albert and Donna Rennick mortgaged the land to the Federal Land Bank of St. Paul. Before the bank, however, would accept the mortgage the title of the land had to be cleared of whatever equity in the land was retained by the father, Peter Rennick, to secure the annual payments. To accomplish that a new agreement was entered into between Peter Rennick and Albert and Donna Rennick. Said agreement referred to the deed of Dec. 18, 1953 and, to the mutual desire of all parties to make the loan on the property

"and for that reason the agreement dated December 18, 1953 was cancelled and released, and

"Whereas in addition to the making of such loan for the mutual benefit of the parties, it is the desire of the parties of the second part herein to take care of the party of the first part so long as he shall live,

"Now, Therefore, for valuable consideration, the receipt of which is hereby acknowledged, the parties of the second part hereby jointly and severally agree and bind themselves to pay to the party of the first part the sum of $3000.00 per year for the remainder of his natural life, such payment to be made on the 1st. day of November 1955, and a like sum of Three Thousand ($3000.00) Dollars on the 1st. day of November of each year thereafter so long as the party of the first part shall live."

Upon the death of first party payments were to cease provided second parties paid the funeral expenses of first party and interest on $4000 of the loan on the home of the party of the first part as long as he lived. Then the agreement provides:

"That this agreement is in lieu of and takes the place of that certain

agreement made on the 18th. day of December 1953, heretofore referred to, and that such agreement of December 18, 1953, shall become wholly ineffective except that the real estate described as Section 11, Township 138, Range 79, Burleigh County, North Dakota, which was transferred to the Parties of the Second Part by the Party of the First Part under the terms of such agreement of December 18, 1953, shall remain the property of the Parties of the Second Part to this Agreement;

"Provided, however, that in the event that the Parties of the Second Part shall fail to make the annual payments of Three Thousand ($3000.00) as herein provided for, the Party of the First Part may bring an action to cancel the deed heretofore given to the Parties of the Second Part and to regain title to such property subject to any mortgage or lien which might then be of record against such property."

On Oct. 27, 1955, Albert and Donna Rennick deeded the property to Albert Mindt and Emma Mindt. For some reason, however, the Mindt's refused to go on with the deal and quitclaimed the property back to Donna Rennick, Plaintiff, on Nov. 1st 1955. Soon thereafter this action was started to have all claims of Peter Rennick, the defendant adjudged null and void and the title to the premises quieted in the plaintiff.

The trial court found that only $200 had been paid on the 1955 payment leaving a balance of $2,800 unpaid and that "if such payment be not made as directed, the title to said premises be reinvested and quieted in said Peter Rennick."

The plaintiff, Donna Rennick, appeals and asks for a trial de novo. There is no dispute as to the facts. The only issue is what claim, if any, Peter Rennick, the defendant, has on the land in question. That must be determined from the transactions between him and Albert, his son, and Donna, his daughter-in-law, as shown by the evidence in the case.

This is one of those cases arising between parent and children when arrangements have been made to turn over the property of the parent to the children in consideration of the children's support of the parent during life. It is a case involving property transaction but is based on love and affection, faith and confidence between the parties. Here the father, Peter, was old, a recent widower, unable to read or write, relying entirely on the confidence he had in his son.

In Bruer v. Bruer, 109 Minn. 260, 123 N.W. 813, 814, 28 L.R.A.,N.S., 608, the court well states the nature of such cases as follows:

"Contracts and agreements of the kind are quite familiar to the courts. They are, as a rule, made by people well along in years with a child or other relative, and are intended to secure to the old people proper and suitable support and maintenance during their declining years, at the same time relieving them of the care and responsibility incident to the management of their affairs. They part with their property in the expectation and belief that their future necessities and comforts are fully provided for, and in an abiding faith that natural affection and filial duty will prompt and secure a faithful discharge of the obligations assumed by the child to whom they convey. There is in such transactions an element of confidence reposed by the old people in their grantee, sacred in its nature, a breach of which, and retention of the benefits, no court should tolerate by a refinement upon technical rules and principles of law. By the modern trend of authority these transactions are placed in a class by themselves, and enforced without reference to the form or phraseology of the writing by which they are ex-

pressed, or whether by the strict letter of the law a forfeiture of the estate is expressly provided for."

The complaint is, except for some admitted encumbrances, the ordinary complaint in an action to quiet title. The answer, after the general denial of plaintiff's title, sets forth a counterclaim of title by the defendant, Peter. He sets up the agreement under which Donna and Albert Rennick agreed to pay him $3,000 per year for the rest of his natural life; that they have failed in the performance thereof; that he had the right to take action in such case for the cancellation of the deed; that he now elects to cancel the deed as provided by the agreement and asks that title be quieted in him and all claims of the plaintiff barred, and for such other and further relief as to the court may seem just and equitable.

■ This is an equity action and the pleadings and prayer are sufficiently broad to give the court complete jurisdiction to the extent necessary to award Peter such relief as he might establish he was entitled to on the failure of Albert and Donna to perform their part of the agreement and to retain that jurisdiction to do complete justice between the parties. Coykendall v. Kellogg, 50 N.D. 857, 198 N.W. 472; Schmidt v. Johnstone, 31 N.D. 53, 153 N.W. 293.

In Peters v. Peters, 62 S.D. 563, 255 N. W. 466, it is held:

"In parents' action against child to whom parents have deeded land in consideration of child's agreement to furnish support to parents, based on child's breach of agreement, court may grant such equitable relief as facts will justify."

The plaintiff agrees that the original contract was a part of the transfer of the land, but contends that the second agreement absolutely cancelled the first agreement and is not anymore a part of the original transfer. In that we think the plaintiff is in error. The second agreement does show that the original agreement was waived as far as any rights of the Federal Land Bank under its mortgage was concerned. In all other respects the second agreement is but a continuation of the first agreement. It is said therein that "It is the desire of the parties of the second part herein to take care of the party of the first part so long as he shall live." Then it repeats the condition of the first agreement that second parties (Albert and Donna Rennick) agreed to pay $3,000 per year to first party (Peter Rennick) for the remainder of his natural life. The first agreement provided that on the failure of the second parties to make the payments "the said real property shall revert unto said first party on his written demand therefor." The second agreement provides that in such case first party may bring an action to cancel the deed and regain title to such property subject to any mortgage then of record against the property, which at that time was only the Federal Land Bank mortgage. The only difference in the two agreements is the permission given by Peter Rennick allowing Albert and Donna to mortgage the land to the Federal Land Bank. The second agreement states that such mortgage was for the mutual benefit of all the parties.

■ It is clear that the second agreement expresses the intention of the parties to continue the original agreement in all respects as regards the transfer of the property in consideration of the life support for Peter by Donna and Albert Rennick. The second agreement is but a revision of the original agreement for the purpose of allowing Albert and Donna to give a mortgage to the Federal Land Bank, and both agreements must be considered as part of the original transaction. Peters v. Peters, 62 S.D. 563, 255 N.W. 466.

The next question to be considered is the right of the defendant, Peter, to rescind the transaction.

In Weir v. Simmons, 55 Wis. 637, 13 N. W. 873, 877, the court, in regard to contracts of this kind, said: "The court in all cases endeavors to give effect to the intent of the parties to the conveyance, no matter what its form or nature."

There have been cases of this nature concerning the procedure for the vendor when the vendee has failed to live up to the provisions he was to perform. Generally the vendor is held to be entitled to bring a personal suit against the vendee but he also has been held entitled to bring a suit on his equitable interest in the property or both. In many cases a condition subsequent has been held to exist and authorize a right of rescission where justice required it. Peters v. Peters, 62 S.D. 563, 255 N.W. 466; Glocke v. Glocke, 113 Wis. 303, 89 N.W. 118; 57 L.R.A. 458; Huffman v. Rickets, 60 Ind.App. 526, 111 N.E. 322; Adkins v. Adkins, 171 Ky. 762, 188 S.W. 843.

■ In the case at bar it is immaterial whether the payment of the support under the contract is considered as a condition subsequent. A court of equity has jurisdiction to carry out the intent of the parties as disclosed by the contract. That intent was that in case Albert and Donna failed to pay the $3,000 annually to Peter he should regain the land.

■ The evidence shows that Albert and Donna have made very little effort to comply with the agreement. The first payment for 1954 was made out of the Federal Land Bank loan. On the payment for 1955 only $200 was made. Then Albert and Donna, in October 1955, attempted to sell the land. When that fell through, they, on Nov. 21, 1955, started this action for the purpose of having all interest of Peter Rennick in the land adjudged null and void. Clearly this evidence shows a violation of the contract by Albert and Donna. That failure warrants the defendant, Peter, in asking for a cancellation of the contract and the deed.

In Stebbins v. Petty, 209 Ill. 291, 70 N. E. 673, the court said:

"It has been frequently held in this state that where a grantor conveys land, and the consideration is an agreement by the grantee to support, maintain, and care for the grantor during the remainder of his or, her natural life, and the grantee neglects or refuses to comply with the contract, the grantor may, in equity, have a decree rescinding the contract and setting aside the deed, and reinvesting the grantor with the title to the real estate. Frazier v. Miller, 16 Ill. 48; Oard v. Oard, 59 Ill. 46; Jones v. Neely, 72 Ill. 449; Kusch v. Kusch, 143 Ill. 353, 32 N.E. 267; Cooper v. Gum, 152 Ill. 471, 39 N.E. 267; McClelland v. McClelland, 176 Ill. 83, 51 N.E. 559; Fabrice v. Von Der Brelie, 190 Ill. 460, 60 N.E. 835. A careful examination of these cases leads to the conclusion that the intervention of equity in such cases has been sanctioned in this state on the theory that the neglect or refusal of the grantee to comply with his contract raises a presumption that he did not intend to comply with it in the first instance, and that the contract was fraudulent in its inception, wherefore a court of equity will not permit him to enjoy the conveyance so obtained."

When the children fail to live up to their agreement to provide for the parents, the parents are entitled to some other manner of insuring their livelihood. What is more natural than taking the property back for that purpose?

In the case at bar the original contract between the parties provided that upon failure of Albert and Donna to make the $3,000 payments to Peter the said real property shall revert unto Peter upon his written demand therefor and he to become the sole owner thereof. The second agreement provided that upon the failure of Albert and Donna to make the payments,

Peter may bring an action to cancel the deed and to regain title to such property. Peter the defendant herein, has now in his counterclaim both made a demand for the property and sought the cancellation of the deed. In this he is justified by the failure of Albert and Donna to live up to their part of the agreement. They have not even shown good faith in that regard. It, therefore, is the conclusion of this court that Peter Rennick is entitled to judgment cancelling the deed and contract thus restoring the title in him. It is so ordered.

The case is remanded to the District Court for the entry of judgment in accordance herewith.

BURKE, C. J., and JOHNSON, SATHRE and MORRIS, JJ., concur.